UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW CHOY,

Petitioner,

-against-

SOUTHERN DISTRICT OF FLORIDA,

Respondent.

25-CV-8941 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who currently is incarcerated at FCI Jesup, in Jesup, Georgia, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking to challenge his sentences entered in the United States District Court for the Southern District of Florida, *see United States v. Choy*, Nos. 22-CR-20307, 20-CR-20165. For the following reasons, the Court transfers this petition to the United States District Court for the Southern District of Florida.

A challenge to the constitutionality of a judgment of conviction and sentence must be raised in a motion under 28 U.S.C. § 2255. *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001) (noting that a motion under 28 U.S.C. § 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). Although Petitioner styles his filing as a Section 2241 petition, his claims concern the constitutionality of his convictions in the Southern District of Florida. That court recently addressed Petitioner's claims challenging his sentences, raised in a Section 2255 motion. *See Choy v. United States*, No. 25-CV-22718 (CMA) (S.D. Fla. June 18, 2025). Because it appears that this Section 2241 petition concerns Petitioner's Southern District of Florida convictions, in the interest of justice, this Court transfers this petition to the Southern District of Florida. *See* 28 U.S.C. § 1406(a).

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action, in the interest of justice, to the United States District Court for the Southern District of Florida. The Court leaves to the transferee court a determination on Petitioner's motions to dismiss (ECF 3, 4). The Court directs the Clerk of Court to terminate these motions. This order closes this case.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 24, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2